UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NEIL GRENNING,

        Plaintiff,

v.

EILEEN W. BISSON, et al,

        Defendants.

Case No. C06-5298 RJB

ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' SUMMARY JUDGMENT

This matter comes before the court on the Report and Recommendation of United States Magistrate Judge Kelley Arnold (Dkt. 66), regarding the Motion for Summary Judgment filed by the defendants (Dkt. 36) and Defendant Gayle Pero's Supplemental Motion for Summary Judgment (Dkt. 58). This matter also comes before the court on the plaintiff's Motion to Supplement the Record. (Dkt. 68.) The court has considered the motions, the Report and Recommendation, the plaintiff's responses, and the remainder of the file herein.

DISCUSSION

**1. Plaintiff's Retaliation Claim**

Magistrate Judge Arnold has recommended that the Defendants' Motions for Summary Judgment should be granted because the plaintiff failed to state a recognizable retaliation claim. Dkt. 66 at 3. To state a claim for retaliation, a plaintiff "must allege both that the type of activity he engaged in was protected...and that the state impermissibly infringed upon his right to engage in the protected activity."

ORDER
Page - 1

*Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985). "An inmate must show that he or she was retaliated against for exercising constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline." *Barnett v. Centoni*, 31 F.3d 813, 816 (1994).

The Report and Recommendation states that Defendants have shown that the plaintiff's placement in solitary confinement advanced legitimate correctional facility goals. *Id.* at 4. The plaintiff was moved to solitary confinement after he was classified as a "high-risk offender" following several warnings and loss of privileges for causing disturbances and possessing contraband. Dkt. 36 at 3-6. Based upon the facts of the case, there is nothing in the record to indicate that the plaintiff was retaliated against for exercising constitutional rights. In his complaint, the plaintiff complains of certain conditions, particularly his solitary confinement (Dkt. 9 at 16), but there is nothing in the record to connect those complaints to any alleged retaliatory action taken by corrections officers.

In contrast, each action taken by corrections officers followed conduct by the plaintiff that warranted the action taken. *See* Dkt. 36 at 3-6. The facts show that the plaintiff posed significant challenges for the custodial officers, staff, and administration at PCDCC (*Id.*), and therefore, solitary confinement promoted a safe environment for himself and others at the jail (Dkt 36 at 9). Therefore, the plaintiff's claim of retaliation fails because his classification as a "high-risk offender" advanced legitimate penological goals and the plaintiff has not met his burden under Fed.R.Civ.P. 56 to show that the defendants' actions were in response to his exercising constitutional rights.

**2. Plaintiff's Eighth Amendment Claims**

Magistrate Judge Arnold has also recommended that the Defendants' Motions for Summary Judgment should be granted because the plaintiff's two civil rights claims based upon the Eighth Amendment are insufficient. *Id.* at 6. The government has an obligation to provide medical care for prisoners, and the Eighth Amendment proscribes deliberate indifference to their serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). A determination of deliberate indifference involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)(*reversed on other grounds*). A serious medical need exists if the failure to treat a prisoner's condition could result in

further significant injury or the unnecessary and wanton infliction of pain. *Id.* Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights. *Hutchinson v. United States*, 838 F.2d 390, 392, (9th Cir. 1988).

The plaintiff's allegations of inadequate medical care because of the defendant's failure to provide the plaintiff with calcium supplements does not amount to "deliberate indifference" on the part of the defendants. The plaintiff's request to see a dentist was granted, and the dentist informed the plaintiff that he has enamel loss. Dkt 9 at 33. The dentist only recommended that the plaintiff take calcium supplements, and there is nothing in the record to indicate that calcium supplements were prescribed to the defendant. *Id.* The plaintiff was directed to buy supplements from the commissary, and advised that the food served in the jail meets U.S. daily nutritional requirements. Dkt. 9 at 34. In addition, the plaintiff's allegations of inadequate medical care of his tooth enamel does not rise to the level of being a "serious medical need" necessary to support a claim of cruel and unusual punishment. "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment." *McGuckin,* 974 F.2d at 1060. A failure to take calcium supplements for enamel loss does not fall into the same category as these examples.

Second, the Report states that the Plaintiff's allegation that there was constant illumination while he was at Pierce County jail (Dkt. 9 at 35-40) is insufficient because there was not constant illumination of the plaintiff's cell. Dkt. 66 at 8-9. Forcing inmates to suffer physical and psychological harm by living in constant illumination may violate the Eighth Amendment's prohibition against cruel and unusual punishment. *Keenan v. Hall*, 83 F.3d 1083, 1090-91 (9th Cir. 1996). However, the lighting conditions the plaintiff complains of are distinguishable from the "constant illumination" as described by the inmate in *Keenan*. The plaintiff in *Keenan* alleged that his cell was "constantly illuminated, and [Keenan] had no way of telling night or day," and that this condition caused him "grave sleeping problems" and other mental and psychological problems. *Id.* at 1091. The plaintiff in the present matter, however, states that most of the lights were extinguished at night, except for the "small series" of lights used for welfare checks and the "bright lights in the hall" near one of the cells he was housed in. Dkt. 9 at 35. This does not rise to the

1 level of showing a denial of the "minimal civilized measure of life's necessities," *Rhodes v. Chapman*, 452
2 U.S. 337, 347, 101 S. Ct. 2392, 2399, 69 L. Ed. 2d 59 (1981), occurring through "deliberate indifference"
3 by prison personnel or officers, *Estelle,* 429 U.S. at 106, as is required to sustain an Eighth Amendment
4 claim.

5 Therefore, the Report and Recommendation of Magistrate Judge Kelley Arnold should be adopted,
6 with the addition of the discussion included in this Order, and the Defendants' Motions for Summary
7 Judgment should be granted.

**3. Plaintiff's Motion to Supplement the Record**

9 The plaintiff moves to supplement the record pursuant to Fed.R.Civ.P. 15(d).  Dkt. 68.  The
10 plaintiff's motion should be granted and the Tacoma News Tribune article titled "Report Dings Jail on
11 Health Not Enough Staff Expert Says" should be included in the record.  However, the court notes that
12 this is hearsay and is of marginal relevance.

13 Therefore, it is hereby

14 **ORDERED** that the Report and Recommendation of Judge Kelley Arnold (Dkt. 66) is **ADOPTED**
15 with the addition of the discussion included in this Order.  Therefore, the Motion for Summary Judgment
16 by Defendants Bisson, Larsen, Pero, Burfeind, Russell, and Ferko (Dkt. 36) is **GRANTED.**  The
17 Supplemental Motion for Summary Judgment by Defendant Gayle Pero (Dkt. 58) is **GRANTED.**  The
18 plaintiff's case is **DISMISSED.**  The plaintiff's Motion to Supplement the Record is **GRANTED.**

19 The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any
20 party appearing *pro se* at said party's last known address.

21 DATED this 25th day of March, 2008.

*(signature)*
ROBERT J. BRYAN
United States District Judge